IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARIE MINICHINO,<br><br>    Plaintiff,<br><br>vs.<br><br>PIILANI HOMEOWNERS ASSOCIATION, *et al.*,<br><br>    Defendants. | CIVIL NO. 16-00461 DKW-RLP<br><br>**ORDER: (1) GRANTING IFP APPLICATION; (2) DENYING EMERGENCY MOTION; (3) GRANTING AMENDED MOTION TO ADD DEFENDANTS; AND (4) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**ORDER: (1) GRANTING IFP APPLICATION; (2) DENYING EMERGENCY MOTION; (3) GRANTING AMENDED MOTION TO ADD DEFENDANTS; AND (4) DISMISSING FIRST AMENDED COMPLAINT <u>WITH LEAVE TO AMEND</u>**

<u>INTRODUCTION</u>

On September 7, 2016, Plaintiff Marie Minichino, proceeding pro se, filed an Emergency Motion (Dkt. No. 11) and an Amended Motion to add Defendants (Dkt. No. 13). Thereafter, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application") (Dkt. No. 19), followed by an Amended Complaint ("First Amended Complaint" or "FAC") (Dkt. No. 21).

While Plaintiff's IFP Application is GRANTED, she once more fails to meet the standard required for emergency injunctive relief.  Accordingly, Plaintiff's

Emergency Motion is DENIED.  Further, because Plaintiff fails to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, the Court DISMISSES the First Amended Complaint with leave to amend pursuant to 28 U.S.C. § 1915(e).  Any amended complaint must be filed no later than **October 31 2016**.

## DISCUSSION

## I.  The IFP Application is Granted

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates she is unable to pay.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  While Section 1915(a) does not require a litigant to

demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Plaintiff is not employed and supports one dependent in the amount of $200 per month. Plaintiff's income consists of social security payments, which total approximately $896.75 per month. *See* Dkt. No. 19. In addition, she owns a "1995 Jeep Country." Based on the IFP Application, Plaintiff's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2016 Poverty Guidelines. *See* 2016 HHS Poverty Guidelines, https://www.federalregister.gov/articles/2016/01/25/2016-01450/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Plaintiff has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS her IFP Application.

## II.   <u>The Emergency Motion is Denied</u>

Plaintiff's suit appears to arise from fines imposed on her by the Piilani Village Homeowners Association ("Association") in Kihei, Hawaiʻi for various violations of the Association's rules. In her First Amended Complaint, Plaintiff disputes the validity of the fines and alleges that the Association violated the FDCPA when it attempted to collect them.

Plaintiff's Emergency Motion essentially seeks to stay any attempt by the Association to enforce the collection of its fines, including through transfer or foreclosure of the real property owned by Plaintiff within the Association, pending a decision of the Court on the merits of this lawsuit. Dkt. No. 11 at 2-3. Although styled as an Emergency Motion, Plaintiff's filing is a motion for a temporary restraining order, or alternatively, a motion for a preliminary injunction.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999). The Court articulated the standard in its August 22, 2016 Order, but to reiterate, a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence

4

of an injunction."  555 U.S. at 22; s*ee also Stormans, Inc. v. Selecky*, 586 F.3d

1109, 1127 (9th Cir. 2009).

Plaintiff does not come close to meeting this standard.  First, the Court is not

persuaded that Plaintiff is likely to prevail on the merits of her claims.  As set forth

below, there are a number of deficiencies contained in Plaintiff's FAC that cast

serious doubt on the merits of this action.  Among other things, it remains unclear

how an accounting of the fines at issue, as requested by Plaintiff, can halt an

otherwise valid foreclosure.  Second, it is entirely unclear what enforcement

efforts, if any, are even being made by Defendants and, therefore, whether the

harm surmised by Plaintiff is imminent, irreparable, real or imagined.  *See* Dkt.

No. 11 at 2; *Smallwood v. Federal Bureau of Invest.,* CV. NO. 16-00505 DKW-

KJM, 2016 WL 4974948, at *2 (D. Haw. Sept. 16, 2016).   Lastly, the allegations

in the Emergency Motion present no serious question that the balance of equities

tips in her favor or that an injunction is in the public interest.  *See Alliance for Wild*

*Rockies*, 632 F.3d at 1135.  Accordingly, Plaintiff's Emergency Motion is

DENIED.

## III.    The First Amended Complaint is Dismissed with Leave to Amend

### A.    Standard of Review

The Court subjects each civil action commenced pursuant to Section 1915(a)

to mandatory screening and can order the dismissal of any claims it finds

"frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Because Plaintiff is appearing pro se, the Court liberally construes the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable

legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of

misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

### B.   Fair Debt Collection Practices Act

In its August 22, 2016 dismissal order, the Court directed Plaintiff to clearly state the basis of this Court's jurisdiction.  In her First Amended Complaint, Plaintiff relies solely on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, as the basis of this Court's jurisdiction.  *See also* 28 U.S.C. § 1331.  To state a claim under the FDCPA, a plaintiff must show: (1) that he or she is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA.  *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp.2d 1065, 1071 (N.D. Cal. 2011); *Meza v. Portfolio Recovery Assoc., LLC*, 125 F. Supp.3d 994, 998 (N.D. Cal. 2015).  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*."  15 U.S.C. § 1692a(6) (emphasis added).

Minichino's First Amended Complaint alleges that the Defendants violated 15 U.S.C. §§ 1692a-n in the following manner:

8

1)  MONTHLY $100 FINES:  FINES FOR NOT WATERING GRASS, WHEN PLAINTIFF HAS NO GRASSY LAWN AREA: 15 USC 1692D, E,

2)  CONTINUING TO IMPOSE PENALTIES FOR UNALLOWED OBJECTS, IN MY DRIVEWAY WEEKS AFTER THEY WERE REMOVED.

3)  CONTINUE TO MAIL FINE NOTICES DURING BANKRUPTCY STAYS (15 USC 1692), (11 USC CODE 362, BANKRUPTCY STAY VIOLATIONS)

4)  MISREPRESENTATION OF AMOUNT OF DEBT OWED TO ASSOCIATION BOTH TO THE PLAINTIFF HERSELF AS WELL TO THE COMMUNITY AT LARGE THROUGH PUBLICATION IN NEWSPAPER.

5)  THREE TIMES THE SALE WAS SCHEDULED IN DIRECT VIOLATION OF PLAINTIFFS BANKRUPTCY STAY (11 USC CODE 362)

6)  PLAINTIFF POST DATED FINES AND ASSESSED FINES WHERE THERE WERE NO REASONS FOR THE FINES. (15 USC 1692)

7)  15 USC 1692F-UNFAIR AND UNREASONABLE PRACTICES; COLLECTING EXCESSIVE AND UNREASONABLE ATTORNEY FEES IN.RELATION.TO ACTUAL AMOUNT OWED. (15 USC 1692F)

8)  TAKING OR THREATENING TO TAKE ANY NONJUDICIAL ACTION TO EFFECT POSSESSION OR DISABLEMENT OF PROPERTY INCLUDING ACTION THAT [DOES NOT] PROTECT THE CONSUMDER. WHILE I ENJOYED CHAPTER 13 BANKRUPTCY. (15 USC 1692F)

9)  PLAINTIFF QUESTIONED THE VALIDITY OF THE DEBT IN FORMAL WRITTEN REQUEST [AND] DEFENDANTS NEVER PROVIDED ANY VALIDATION

OF DEBT AND NEVER RESPONDED THREE TIMES.  IF
DEFENDANTS DO NOT RESPOND WITHIN 30 DAYS,
DEBT CAN BE CONSIDERED INVALID AND NO
LONGER COLLECTABLE. (15 USC 1692 G)

10)  PLAINTIFF POINTED OUT PLAINTIFF WAS BILLED
FOR ANOTHER PERSON[']S FINES AND ATTORNEYS
FEES: NO RESPONSE WAS RECEIVED.  LACK OF
RESPONSE INVALIDATES DEBT.

11)  15 USC 1692H:  IN COLLECTING DEBTS, THE
COLLECTOR MUST APPLY FUNDS AS REQUESTED BY
PLAINTIFF.  DEFENDANTS VIOLATE THIS BY
EXCESSIVELY CHARGING LEGAL FEES AND
UNREASONABLE FINES ON HOMEOWNERS OF $39-
42[.]

Dkt. No. 21 (some formatting altered).

There are a number of problems with these allegations.  First, Plaintiff fails

to allege the essential elements of a FDCPA claim.  Although Plaintiff has alleged

that Defendants violated various provisions of the FDCPA, Plaintiff has not

alleged that she is a consumer; that her debts arise out of a transaction entered into

for personal purposes; or that Defendants are debt collectors.  *See Freeman*, 827 F.

Supp. 2d at 1071.  In fact, as to the Association, it appears that it would be

difficult, if not impossible, for Plaintiff to maintain an FDCPA claim against it

because there is no indication that the Association has attempted to collect a debt

"owed or due another."  15 U.S.C. § 1692a(6); *see also Kitamura v. AOAO of*

*Lihue Townhouse*, Civil No. 12-00353 LEK-BMK, 2013 WL 1398058, at *4 (D.

Haw. Mar. 29, 2013) ("[T]he claims against the AOAO must fail because it is not a

'debt collector' under the FDCPA because it has not attempted to collect a debt

'owed or due another'" (quoting 15 U.S.C. § 1692a(6)); *Moore v. Nat'l City*

*Mortg. Co.*, CV. No. 09-00461 DAE-KSC, 2010 WL 914334, at *4 (D. Haw. Mar.

15, 2010) (finding that the "AOAO is not a debt collector and is therefore not

subject to the provisions of the FDCPA").

Second, the factual bases underlying the FDCPA allegations are vague at

best, and wholly absent at worst.  "[A]llegations in a complaint . . . may not simply

recite the elements of a cause of action, but must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself

effectively." *Starr*, 652 F.3d at 1216.

Third, the FAC fails to provide fair notice to each defendant of the particular

wrongs that he or she has allegedly committed.  *See McHenry v. Renne*, 84 F.3d

1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one

cannot determine from the complaint who is being sued, for what relief, and on

what theory, with enough detail to guide discovery").  It is unclear whether

Plaintiff intended to allege that each of the named defendants violated each of the

cited FDCPA provisions.

In sum, as currently pled, Plaintiff's FAC fails to state a claim under the

FDCPA.  The Court is mindful that "[u]nless it is absolutely clear that no

amendment can cure the defect . . . a pro se litigant is entitled to notice of the

complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Because amendment *may* be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **October 31, 2016**.  This Order limits Plaintiff to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.  New or different theories, causes of action, or additional parties are not permitted, with the limited exception that Plaintiff is permitted to name the additional individuals named in her Amended Motion to Add Defendants (Dkt. No. 13).

If Plaintiff chooses to file an amended complaint, she is STRONGLY CAUTIONED that, in addition to clearly identifying the basis for this Court's subject matter jurisdiction, Plaintiff should also clearly allege the following: (1) the constitutional or statutory right she believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Plaintiff must repeat this process for each person or entity named as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the

specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Based upon the foregoing, the Court GRANTS the IFP Application (Dkt. No. 19), DENIES the Emergency Motion (Dkt. No. 11), GRANTS the Amended Motion to Add Defendants (Dkt. No. 13), and DISMISSES the First Amended Complaint with leave to amend.  Plaintiff is GRANTED leave to file a Second Amended Complaint by no later than **October 31, 2016** in order to cure the deficiencies noted in this order.  The Court cautions Plaintiff that the failure to file an amended complaint in conformity with this order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  September 30, 2016 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

-----------------------------------------------------------------------------------------------
Minichino v. Piilani Homeowners Association, et al.; CV 16-00461 DKW-RLP;
**ORDER: (1) GRANTING IFP APPLICATION; (2) DENYING
EMERGENCY MOTION; (3) GRANTING AMENDED MOTION TO ADD
DEFENDANTS; AND (4) DISMISSING FIRST AMENDED COMPLAINT
WITH LEAVE TO AMEND**