IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARIE MINICHINO,<br><br>        Plaintiff,<br><br>vs.<br><br>PIILANI HOMEOWNERS ASSOCIATION, *et al*.,<br><br>        Defendants. | CIVIL NO. 16-00461 DKW-RLP<br><br>**ORDER: (1) DISMISSING SECOND AMENDED COMPLAINT; AND (2) DENYING MOTION FOR INJUNCTION** |

**ORDER: (1) DISMISSING SECOND AMENDED COMPLAINT;
AND (2) DENYING MOTION FOR INJUNCTION**

**INTRODUCTION**

On November 1, 2016, Plaintiff Marie Minichino, proceeding pro se, filed a Motion for Injunction (Dkt. No. 24) and an Amended Complaint ("Second Amended Complaint" or "SAC") (Dkt. No. 23) against Defendants Piilani Homeowners Association, Porter McGuire Kiakona & Chow, LLP, Commercial Properties Management, and Mary Jane Kramer. These filings represent Plaintiff's third attempt, in this proceeding alone, at enjoining either the foreclosure of, or her ejectment from, real property located in Kihei, Maui.

Plaintiff's Motion for Injunction (Dkt. No. 24) is DENIED for the same reasons her previous "emergency" motions were denied—the absence of any merit

to her claims, the absence of imminent or irreparable harm, and the equally absent interest of the public in issuing an injunction under the circumstances presented here. Indeed, because Plaintiff fails to state a federal claim, the only potential basis for this Court's jurisdiction is lacking. Since Plaintiff has already been afforded two opportunities to amend, and is evidently unable to state a valid claim despite these opportunities, the Court now DISMISSES the Second Amended Complaint without leave to amend pursuant to 28 U.S.C. § 1915(e).

## BACKGROUD

### I.   Factual Background

Plaintiff, as the trustee of the Gaetano Trust, is the owner of a certain real property located at 214 Luakaha Circle, Kihei, Maui ("Subject Property"). Plaintiff's suit arises from the Piilani Village Homeowners Association ("Association") fining Plaintiff for various violations of the Association's rules. Plaintiff disputes the validity of these fines and seeks a full accounting of them prior to the sale of, or her ejectment from, the Subject Property.

### II.   Procedural Background

On August 17, 2016, Plaintiff filed a Complaint, a motion for "Emergency Hearing," which the Court construed as a motion for a temporary restraining order ("First Motion for TRO"), and an Application to Proceed in District Court Without Prepaying Fees and Costs ("IFP Application"). Dkt. Nos. 1, 2. The following day,

Plaintiff filed an amended motion for a temporary restraining order ("Second Motion for TRO") and a motion for sanctions against certain defendants ("Motion for Sanctions"). Dkt. No. 7. Plaintiff sought to enjoin the foreclosure of the Subject Property.[1] On August 22, 2016, the Court dismissed the Complaint because there was no evident basis for the Court's jurisdiction over this matter, but granted Plaintiff limited leave to amend. Dkt. No. 10. In the same August 22 Order, the Court denied the First and Second Motions for TRO, IFP Application, and Motion for Sanctions as moot. *Id.*

On September 7, 2016, Plaintiff filed an Emergency Motion (Dkt. No. 11) and an Amended Motion to add Defendants (Dkt. No. 13). Thereafter, Plaintiff filed a second Application to Proceed in District Court Without Prepaying Fees and Costs ("Second IFP Application") (Dkt. No. 19), followed by an Amended Complaint ("First Amended Complaint") (Dkt. No. 21). On September 30, 2016, the Court granted Plaintiff's Second IFP Application. Dkt. No. 22. Because Plaintiff once again failed to meet the standard required for emergency injunctive

---

[1] The Court notes that the Subject Property was involved in several other actions, including one before the U.S. Bankruptcy Court for the District of Hawaii, *In re Gaetano Trust*, Case No. 16-00719 (Bankr. D. Haw.). In that action, the Gaetano Trust filed a voluntary petition under Chapter 11. Bankr. Dkt. No. 1. The bankruptcy court ultimately dismissed the case, explaining that the Gaetano Trust was not eligible to be a debtor and the petition was not properly signed. Bankr. Dkt. No. 24. The bankruptcy court also denied attempts by the Gaetano Trust to stay any transfer of property out of the Gaetano Trust's name pending appeal. Bankr. Dkt. Nos. 34, 50. Although the Gaetano Trust appealed the bankruptcy court's dismissal order, the appeal was ultimately dismissed for lack of prosecution. Bankr. Dkt. Nos. 61, 67; *see also Gaetano Trust v. Office of the U.S. Trustee*, Civil No. 16-00466 JMS-KSC (D. Haw.), Dkt. No. 6.

relief, the Court denied Plaintiff's Emergency Motion. *Id.* The Court also dismissed Plaintiff's First Amended Complaint because she failed to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, but once again granted limited leave to amend. *Id.*

On November 1, 2016, Plaintiff filed: (1) a Motion for Injunction (Dkt. No. 24); and (2) a Second Amended Complaint (Dkt. No. 23). Plaintiff's SAC is not a model of clarity. The SAC does not enumerate causes of action, but generally alleges throughout the pleading violations of the Fair Debt Collection Practices Act and the Fair Trade Commission Act based on the fines imposed by the Association, and the efforts of the Defendants to collect those fines. Plaintiff also alleges that there were "numerous bankruptcy stay violations," including Defendants' mailing notices of fines and setting new sale dates for the Subject Property while Plaintiff was allegedly protected by automatic bankruptcy stays. Finally, Plaintiff alleges various state law claims, including fraud and misrepresentation.

## DISCUSSION

### I. **Plaintiff's Motion for Injunction is Denied**

Plaintiff's Motion for Injunction repeats the same arguments included in her previous two motions for injunctive relief, and she provides no persuasive argument as to why the Court should disturb its prior rulings rejecting those arguments.

In its September 30, 2016 Order, the Court held that Plaintiff did not meet the standard for issuing a temporary restraining order or preliminary injunction under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011), for the following reasons:

> First, the Court is not persuaded that Plaintiff is likely to prevail on the merits of her claims. As set forth below, there are a number of deficiencies contained in Plaintiff's FAC that cast serious doubt on the merits of this action. Among other things, it remains unclear how an accounting of the fines at issue, as requested by Plaintiff, can halt an otherwise valid foreclosure. Second, it is entirely unclear what enforcement efforts, if any, are even being made by Defendants and, therefore, whether the harm surmised by Plaintiff is imminent, irreparable, real or imagined. *See* Dkt. No. 11 at 2; *Smallwood v. Federal Bureau of Invest.*, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *2 (D. Haw. Sept. 16, 2016). Lastly, the allegations in the Emergency Motion present no serious question that the balance of equities tips in her favor or that an injunction is in the public interest. *See Alliance for Wild Rockies*, 632 F.3d at 1135. Accordingly, Plaintiff's Emergency Motion is DENIED.

Dkt. No. 22 at 5.

For the reasons previously articulated in its prior orders (Dkt. Nos. 10, 22), the Court DENIES Plaintiff's Motion for Injunction (Dkt. No. 24).

## II.     The Second Amended Complaint is Dismissed Without Leave to Amend

### A.     Standard of Review

The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds

"frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Because Plaintiff is appearing pro se, the Court liberally construes the Second Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable

legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.

*Id.* at 679.

>  B.  **Fair Debt Collection Practices Act**

To state a claim under the FDCPA, a plaintiff must show: (1) that he or she is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA.  *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011).  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*."  15 U.S.C. § 1692a(6) (emphasis added).  Plaintiff's attempt at asserting a claim under the FDCPA fails for the following reasons.

First, it does not appear that any of the named Defendants in the instant case qualifies as a debt collector under the FDCPA.  Defendants, for instance, include a homeowners association, a law firm specializing in real property, construction and association law, and a property management company.  Plaintiff merely alleges in conclusory fashion that the Defendants are "debt collectors," and they "regularly use instrumentalities of interstate commerce or mails in collection or attempted collection of alleged obligations of consumers." Dkt. No. 23 at 1.  However,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678; *see also Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (affirming the district court's dismissal of an FDCPA claim because "[t]he complaint fails to provide any factual basis from which we could plausibly infer that the principal purpose of Wells Fargo's business is debt collection. Rather, the complaint's factual matter, viewed in the light most favorable to the [plaintiffs], establishes only that debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA"); *Long v. Deutsche Bank Nat'l Trust Co.*, Civil No. 10-00359 JMS/KSC, 2011 WL 5079586, at *14 (D. Haw. Oct. 24, 2011) (dismissing FDCPA claim because the plaintiff failed to allege sufficient facts from which the court could conclude that any of the defendants were "debt collectors," and instead, merely paraphrased the definition of "debt collector" in 15 U.S.C. § 1692a(6)). Despite identifying and cautioning Plaintiff of this deficiency in its September 30, 2016 Order, Plaintiff's SAC contains the same defect.

Second, even if one or more of the named Defendants did qualify as a debt collector, this district has repeatedly held that a non-judicial foreclosure does not constitute debt collection under the FDCPA. *See, e.g., Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1107 (D. Haw. 2011) ("[T]his district court has ruled that a lender pursuing a non-judicial foreclosure is not attempting to collect a debt for

9

purposes of the FDCPA."); *Arakaki v. One West Bank FSB*, Civ. No. 10–00103 JMS–KSC, 2010 WL 5625969, at *6 (D. Haw. Sept. 8, 2010) ("non-judicial foreclosures are not 'actions to collect debt' (at least for purposes of the FDCPA)"); *Hanaway v. JPMorgan Chase Bank*, No. SACV 10–1809 DOC(PLAx), 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); *Aniel v. T.D. Serv. Co.*, No. C 10–03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("[A]llegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA.").

Despite providing Plaintiff two opportunities to amend her complaint, and giving her guidance on how to do so, Plaintiff continues to fall short of stating a plausible claim under the FDCPA. The Court is compelled to conclude that providing Plaintiff with another opportunity to amend would be futile. Therefore, the FDCPA claims are dismissed without leave to amend.

    **C.**    <u>**Fair Trade Commission Act**</u>

The FTCA prohibits "unfair or deceptive acts or practices in commerce." 15 U.S.C. § 45(a)(1). While it is difficult to discern the specifics of Plaintiff's FTCA claim, the FTCA does not provide for a private right of action. *See O'Donnell v.*

*Bank of Am., Nat'l Ass'n*, 504 Fed. Appx. 566, 568 (9th Cir. 2013) ("[T]he Federal Trade Commission Act . . . doesn't create a private right of action."); *see also Carlson v. Coca Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the [FTCA] vests initial remedial power solely in the Federal Trade Commission."); *Diaz v. Argon Agency Inc.*, CIV. NO. 15-00451 JMS-BMK, 2015 WL 7737317, at *3 (D. Haw. Nov. 30, 2015) (concluding the same).

Because Plaintiff cannot enforce the FTCA, granting leave to amend would be futile. Accordingly, Plaintiff's FTCA claim is DISMISSED without leave to amend.

### D. **Bankruptcy Stay Violations**

Plaintiff asserts that there have been "numerous bankruptcy stay violations" as a basis for this Court's subject matter jurisdiction. Dkt. No. 23 at 1. Plaintiff's attempt to rely on violations of 11 U.S.C. § 362 as the basis for this Court's jurisdiction is problematic for a number of reasons.

First, the Second Amended Complaint lacks sufficient factual allegations to state a cognizable claim under 11 U.S.C. § 362. Section 362(k) confers a right of action on injured persons only against those who willfully violate the automatic bankruptcy stay. 11 U.S.C. § 362(k) (providing, with a limited exception, that "an individual injured by any willful violation of a stay provided by this section shall

recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages"). The Second Amended Complaint, however, is devoid of any factual allegations regarding Plaintiff's bankruptcy petitions, including the relevant dates of any purported automatic bankruptcy stays. It is difficult, if not impossible, for the Court to discern the factual basis of these claims, sufficient to withstand scrutiny under *Iqbal* and *Twombly*.

Second, even if Plaintiff were able to overcome the factual deficiencies, this Court lacks jurisdiction to hear an independent violation of 11 U.S.C. § 362(k). In *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996), a Chapter 11 debtor filed an action in district court for malicious prosecution against certain creditors based on allegations that the creditors maliciously pursued their claims against the debtor in bankruptcy proceedings. *MSR Exploration*, 74 F.3d at 912. The district court held that the action was entirely preempted by the Bankruptcy Code and dismissed the case for lack of subject matter jurisdiction. *Id.* On appeal, the Ninth Circuit held that the debtor's malicious prosecution action against the creditors was "completely preempted by the structure and purpose of the Bankruptcy Code." *Id.* at 916. Although recognizing it as a federal claim, the Ninth Circuit held that it "should have been brought in the bankruptcy court itself,

and not as a separate action in the district court. Thus, the district court properly determined that it lacked jurisdiction to hear the matter." *Id.*

Relying on *MSR Exploration,* numerous district courts in this circuit have held that state law claims for damages, as well as direct claims for damages under § 362(k), based on violations of the automatic stay provision must be brought in the first instance in bankruptcy court. *See, e.g.*, *Galope v. Deutsche Bank Nat'l Trust Code*, No. SACV 12-00323-CJC(RNBx), 2014 WL 8662645, at *4-5 (C.D. Cal. Nov. 14, 2014); *Swartz v. Nationstar Mortg., LLC*, No. CV 14–08649 BRO (JCx), 2015 WL 846789, at *9 (C.D. Cal. Feb. 26, 2015); *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, No. 2:04–CV–01971–MCE, 2012 WL 5464218, at *2 (E.D. Cal. Nov. 7, 2012); *but see Gray v. Preferred Bank*, No. 09CV2025 DMS (CAB), 2010 WL 3895188, at *2 (S.D. Cal. Sept. 30, 2010) (holding that the district court has jurisdiction over violations of a bankruptcy stay).

Based on the weight of authority in this circuit, the Court dismisses Plaintiff's claims for violations of the automatic bankruptcy stay without prejudice to Plaintiff bringing those claims in the proper court.

### E. State Law Claims

Having dismissed the only federal claims that could support federal subject matter jurisdiction, this Court may decline to exercise supplemental jurisdiction

over the remaining state law claims in the complaint.  28 U.S.C. § 1367(c).  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).  "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  The Supreme Court has clarified that this does not require mandatory dismissal when federal claims are dismissed, but "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon*, 484 U.S. at 350 n. 7.

After careful consideration, the Court concludes that the factors of judicial economy, convenience, fairness, and comity balance in favor of declining supplemental jurisdiction over Plaintiff's remaining state-law claims, particularly given the early stage of this litigation. Accordingly, those claims are also dismissed without prejudice.

## CONCLUSION

Based upon the foregoing, the Court DENIES the Motion for Injunction (Dkt. No. 24) and DISMISSES the Second Amended Complaint (Dkt. No. 23) without leave to amend. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: December 2, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Minichino v. Piilani Homeowners Association, et al.; CV 16-00461 DKW-RLP; **ORDER: (1) DISMISSING SECOND AMENDED COMPLAINT; AND (2) DENYING MOTION FOR INJUNCTION**